LIBBIE TRAKTMAN, Appellant and Respondent, *v.* THE CITY OF NEW YORK, Respondent and Appellant.

Limitation of actions — tax — Brooklyn (city of) — purchaser at tax sale in city of Brooklyn may recover amount paid if tax void or illegal but action must be brought within six years after delivery of deed (L. 1883, ch. 114, § 4, amd. L. 1885, ch. 163) — action brought nearly forty years after delivery of deed barred — notice to purchaser or proof in court of illegality of tax not necessary to set statute running — action also barred under sections 381 and 382 of Code of Civil Procedure — limitation applicable to all actions to recover such amounts.

1. Under the provisions of section 4 of chapter 114 of the Laws of 1883, as amended by chapter 163 of the Laws of 1885, a purchaser at a tax sale in the city of Brooklyn is permitted to recover the amount paid whenever his title proves defective because of a void or illegal tax, but the action to recover the amount must be commenced within at least six years after the delivery of the deed to the purchaser.

2. An action, therefore, to recover money paid upon a tax sale in the city of Brooklyn for taxes which were illegal and void, brought nearly forty years after delivery of the deed, is barred. Notice to the purchaser or proof in court of the illegality of the tax was not necessary to set the statute in operation. The levy was illegal and void the day it was made and the duty to repay the taxes existed

as soon as they were collected. The Legislature by the acts referred to provided the Statute of Limitations which is applicable and the said statute commenced to run from the delivery of the deed.

3. The action is also barred under section 382 of the Code of Civil Procedure, in force and effect when this money was paid, which required an action to recover upon a liability created by statute, except for a penalty or forfeiture, to be commenced within six years. Chapter 114 of the Laws of 1883 provides that the certificate of purchase shall contain a covenant to refund the money `f the title prove invalid, and as the purchaser, under the statute of 1883, could have brought his action on the agreement contained in his certificate of purchase on the day that he received it, because of the invalidity of the title purchased, this six years' Statute of Limitations applied, or, if the covenant is contained in a sealed instrument, then the twenty-year statute. (§ 381.) In either event the action is barred.

4. A contention that the acts of 1883 and 1885 apply only to taxes that are void upon the face of the tax records, or to such invalidities as appeared upon the face of the assessment rolls, cannot be sustained. There is nothing in the acts which makes the distinction or even suggests that they only apply to certain classes of illegal taxes. The act of 1885 applies the six-year limitation to *all* actions brought to recover the amount paid where the title conveyed proves invalid.

*Traktman* v. *City of New York,* 213 App. Div. 836, reversed.

(Argued October 20, 1925; decided November 24, 1925.)

CROSS-APPEALS from a judgment, entered April 16, 1925, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed a judgment in favor of defendant entered upon an order of Special Term, denying a motion by plaintiff for summary judgment and directing a dismissal of the complaint, and granted the motion of the said plaintiff.

*William Seward Shanahan* for plaintiff, appellant and respondent. The cause of action set forth in the complaint has always caused a liability to arise at common law on common-law principles, irrespective of any statute or any liability created by statute. (*Brevoort* v. *City of Brooklyn,* 89 N. Y. 128; Black on Tax Titles [2d ed.], § 463; Cooley on Taxation [4th ed.], § 1553; *Chapman* v. *City of Brooklyn,* 40 N. Y. 372; *Matter of N. Y. Catholic*

*Protectory,* 77 N. Y. 342; *Diefenthaler* v. *Mayor,* 111 N. Y. 331; *Ætna Ins. Co.* v. *Mayor,* 153 N. Y. 331.) The cause of action herein accrued when the Supreme Court adjudicated in the *Pines* and *Wallach* actions that the grantee of the Roosevelt Hospital was the owner of the real property involved and when, as a result, judgments were entered ousting the plaintiff in the instant case from the possession of said real property, namely, March 11, 1918. (*Ford* v. *Clendinin,* 215 N. Y. 10; *Joslyn* v. *Rockwell,* 128 N. Y. 334; *People ex rel. McGinnis* v. *Lewis,* 127 App. Div. 107; *Perrior* v. *Peck,* 39 App. Div. 390; *Finton* v. *Egelston,* 61 Hun, 246.) The portion of chapter 114 of the Laws of 1883, as amended by chapter 163 of the Laws of 1885, which contains one of the Statutes of Limitation urged by the defendant, does not affect the cause of action set forth in the complaint nor apply thereto in any respect. (Black on Tax Titles [2d ed.], § 464.) Chapter 163 of the Laws of 1885 does not apply, in whole or in any part, to the cause of action set forth in the complaint. (*Wallace* v. *Int. Paper Co.,* 53 App. Div. 41; *Matter of City of New York,* 212 N. Y. 538.) Even assuming for the purpose of argument that chapter 114 of the Laws of 1883, as amended by chapter 163 of the Laws of 1885, applied in whole and in every part to the cause of action set forth in the complaint, still the limitation of six years contained in chapter 163 of the Laws of 1885 is not a bar to the bringing of this action at this time. (*Reid* v. *Supervisors of Albany County,* 128 N. Y. 364.) The limitation contained in section 382, subdivision 2, of the Code of Civil Procedure does not apply or in any way affect the instant cause of action. (*Shepard Co.* v. *Taylor Pub. Co.,* 234 N. Y. 465.)

*George P. Nicholson, Corporation Counsel* (*William H. King* and *Isaac Phillips* of counsel), for defendant, respondent and appellant. The alleged cause of action

herein is barred by the six years' Statute of Limitations as provided by subdivision 2 of section 382 of the Code of Civil Procedure, and by the Statute of Limitations contained in chapter 163 of the Laws of 1885, amending chapter 114 of the Laws of 1883. (*Reid* v. *Supervisors of Albany County,* 128 N. Y. 364; *Remsen* v. *Wheeler,* 105 N. Y. 573; *Brevoort* v. *Brooklyn,* 89 N. Y. 135; *Coffin* v. *Brooklyn,* 116 N. Y. 159; *Lynde* v. *Melrose,* 10 Allen, 49; *Mulvey* v. *City of Boston,* 197 Mass. 178; *Terry* v. *Anderson,* 95 U. S. 628; *Matter of Warner,* 39 App. Div. 91; *Tipton* v. *Smythe,* 78 Ark. 392; *People* v. *Turner,* 117 N. Y. 227; *Matter of Moench's Estate,* 39 Misc. Rep. 480; *Acker* v. *Acker,* 81 N. Y. 143; *Meigs* v. *Roberts,* 162 N. Y. 371.)

CRANE, J. The Roosevelt Hospital, incorporated by chapter 4 of the Laws of 1864, was the owner in 1882 of certain real property in the city of Brooklyn, county of Kings, situated on the westerly side of Hudson avenue, near to its intersection with Willoughby street. This property was assessed for taxes, which became a lien on the first day of July, 1882. The tax levy was illegal and void, as the Roosevelt Hospital under its charter was exempt from taxation, and entitled to the benefit of the provisions of law relating to charitable institutions.

In 1883 the Legislature of the State passed an act (Laws of 1883, chap. 114) concerning the settlement and collection of unpaid taxes, assessments and water rates in the city of Brooklyn. Section 4 read as follows:

" The registrar of arrears shall, on the receipt of the purchase-money on any sale as provided by this act, deliver to the purchaser a certificate of such sale, which shall contain a covenant on the part of the city of Brooklyn to refund the amount paid for said lands, with interest at the rate of four per centum per annum from the date of sale, in case the said title conveyed by said sale shall prove invalid. Upon presentation of said certificate of sale and proof of the service of the notice of such sale,

as hereinafter provided, upon the owner and mortgagee of the said lands and premises, the registrar of arrears shall, after the expiration of one year from the date of such service, execute and deliver to the purchaser on such sale, his legal representatives or assigns, a deed for said lands and premises, and such purchaser, his legal representatives or assigns, shall take a good and sufficient title in fee simple absolute to the property sold, of which the said deed shall be presumptive evidence."

Thereafter, and on March 31, 1885, following the procedure set forth in this act of 1883, the registrar of arrears of the city of Brooklyn sold the premises for unpaid taxes to Frank J. Munson for the sum of $2,187.63, and executed and delivered to him the required certificate of sale. After obtaining this certificate, Munson served the notice required by law upon the Roosevelt Hospital, which notice provided for redemption. The hospital did not redeem or make any attempt to oust Munson from possession of the property, and he thereafter on the 29th day of June, 1887, received from the registrar of arrears, a deed in fee simple of the premises, which was recorded in the office of the register of Kings county on June 19, 1887.

A few days after the sale of this property to Munson, which was on March 31, 1885, and two years before the delivery of the deed to him, the Legislature passed chapter 163 of the Laws of 1885, amending chapter 114 of the Laws of 1883. The act was passed April 21, 1885. Section 4 thereof, so far as applicable, was amended to read as follows:

" The registrar of arrears shall, on the receipt of the purchase money on any sale as provided by this act, deliver to the purchaser a certificate of such sale, which shall contain a covenant on the part of the city of Brooklyn to refund the amount paid for said lands, with interest at the rate of four per centum per annum from the date of sale, and all sums paid by him for taxes, assessments

and water rates as hereinafter authorized, with interest at the rate of four per centum per annum from the dates of such payments respectively, in case the said title conveyed by said sale shall prove invalid; provided, however, that no claim can be made nor any action maintained against the city of Brooklyn upon or under said covenant or otherwise to recover the amount paid to the city of Brooklyn for any lands sold under the provisions of this act, unless an action to recover the same shall be commenced within six years after the delivery to the purchaser, his legal representatives or assigns, of the deed for said lands and premises as hereinafter in this section provided."

Frank J. Munson, the purchaser, willed the property to his mother, from whom through many mesne conveyances, the plaintiff, Libbie Traktman, received the tax title on August 14, 1914.

Claiming to be entitled to the moneys paid by Munson in 1885 for void taxes, the plaintiff has brought this action to recover $2,187.63, with interest thereon from the thirty-first day of March, 1885, a period of forty years. The city in its answer pleaded the Statute of Limitations, and on motion made on the pleadings, the Special Term dismissed the complaint. On appeal, the Appellate Division has reversed, and given judgment for the plaintiff for the full amount, with interest from March 11, 1918, which date apparently was fixed by reference to the judgment in another action determining the invalidity of subsequent taxes.

The facts about that judgment are these: Later taxes having been levied on this property, the tax lien was sold and assigned to the Rudolph Wallach Company, which began an action to foreclose the tax lien, making Libbie Traktman, the plaintiff herein, and the city of New York parties defendant. Judgment entered in that action, on the eleventh day of March, 1918, determined that all taxes on the property were void, as the Roosevelt Hospital,

the owner, was exempt from taxation. It is by reason of this judgment that the plaintiff claims to have received the first notice of the invalidity of the taxes assessed in 1882, and in consequence, the invalidity of her deed, coming as it does, through Munson, the purchaser, at the tax sale.

The Statute of Limitations is the only question presented by the record in this case.

We find nothing in the laws relating to notice to the plaintiff. In the action resulting in the judgment, above referred to, it was determined, in effect, that the taxes levied upon this property in 1882 were void. The levy, however, was illegal and void the day it was made, and has always remained such. The judgment in 1918 merely declared that to be which existed as a fact. The plaintiff, or anybody else interested, could have had the tax declared illegal at any time after July 1, 1882. The cause of action, therefore, arose at the time the alleged taxes became a lien.

The act of 1883 provided that the certificate given to the purchaser on the sale of the taxes should contain a covenant on the part of the city of Brooklyn to refund the amount paid in case the title " shall prove invalid." The word " prove " as used here does not refer to proof in court upon which judgment is to be entered. It is rather used in the sense given by Webster's International Dictionary, as meaning " to turn out to be; to be in fact." The money was to be returned, therefore, if the taxes were illegal and void. As a matter of fact the duty to repay them existed as soon as they were collected. The duty was not postponed, nor was the right to recover them delayed until proof of illegality was made in court. The judgment, therefore, of March 11, 1918, has no bearing on the question of time in this case. (*Reid* v. *Board of Supervisors of Albany County,* 128 N. Y. 364.) A demand for the return of money paid on a void assessment is unnecessary before the commencing of an action to

recover it. (*Ætna Ins. Co.* v. *Mayor, etc., of the City of New York,* 153 N. Y. 331.)

The Legislature, by the act of 1885, above referred to, provided the Statute of Limitations, which is applicable to this case. " No claim," says the law, " can be made nor any action maintained against the city of Brooklyn upon or under said covenant or otherwise to recover the amount paid to the city of Brooklyn for any lands sold under the provisions of this act, unless an action to recover the same shall be commenced within six years after the delivery to the purchaser, his legal representatives or assigns, of the deed for said lands and premises as hereinafter in this section provided."

This six-year Statute of Limitations commenced to run from the delivery of the deed to the purchaser. Whether or not it ran from the delivery of deeds prior to its enactment, April 21, 1885, we are not called upon to determine. Any deed given after that date would furnish the purchaser with a full six years within which to commence his action. The delivery of the deed in this case was made June 29, 1887, so that Munson and his grantees had more than eight years in which to recover back the money. By this application of the Laws of 1885, it is apparent that a reasonable time is allowed for commencement of all actions after the delivery of the deed. (*Gilbert* v. *Ackerman,* 159 N. Y. 118; *People* v. *Turner,* 117 N. Y. 227.)

No legitimate reasons have been advanced why this limitation of the Laws of 1885 should not apply. The very purpose of the act was to put a limit to the right of recovery on the covenant contained in the tax certificate. The act of 1883 said nothing about it. Reading the two acts together, it is quite evident that the intention was to permit a purchaser to recover the amount paid whenever his title proved defective because of a void or illegal tax, but the action to recover the amount must be commenced at least within six years after the delivery of the deed.

Even if this be not so, we are of the opinion that the provisions of the Code of Civil Procedure would apply in any case. Section 382, in force and effect when this money was paid, required an action to recover upon a liability created by statute, except for a penalty or forfeiture to be commenced within six years. As the purchaser, under the statute of 1883, could have brought his action on the agreement contained in his certificate of purchase on the day that he received it, because of the invalidity of the title purchased, this six-year Statute of Limitations applied. The statute (L. 1883, ch. 114) says the certificate shall contain a " covenant " to refund the money if the title prove invalid. We have not a copy of the certificate before us. It is not in the record. Should this covenant be contained in a sealed instrument, then the twenty-year Statute of Limitations would apply. (Section 381 of the Code of Civil Procedure.) Even then, however, this action would be barred, as it was not commenced until nearly forty years had elapsed after the cause of action had accrued.

The respondent, plaintiff, makes the point that these acts of 1883 and of 1885, referring to the city of Brooklyn, only apply to those taxes which were void upon the face of the tax records, or to such invalidities as appeared upon the face of the assessment rolls. As to such taxes, the purchaser at common law bought at his peril, and could not recover the amount paid, even although his purchase were valueless. He came strictly and rigidly within the rule of *caveat emptor.* And she cites Black on Tax Titles (2d ed. sec. 463) and Cooley on Taxation (4th ed. sec. 1553). In order to have a remedy in such cases, it must be given by legislation. The plaintiff, therefore, argues that this was the intent and purpose of these tax laws, and that she always had a remedy at common law without the aid of statute to recover back her money paid on a void tax sale where the invalidity, as here, was *dehors* the record. (*Chapman* v. *City of Brooklyn,*

40 N. Y. 372.) If these laws gave a remedy only for such illegal taxes, the six-year limitation would only apply to cases where the tax was void on its face. Such is the plaintiff's conclusion from her assumed premises. In other words, these provisions would not affect an action to recover, as in this case, where the levy was regular on the face of the records, but illegal because of the nature of the ownership.

Without reconsidering the *Chapman* case, we can find nothing in the acts of 1883 or 1885 which makes the distinction the plaintiff claims, or which even suggests that they only apply to certain classes of illegal taxes. To hold that the limitation provided in the act of 1885 relates to taxes illegal upon the face of the assessment roll, and not to the tax here in question, where the illegality appeared from the nature of the ownership, and not in the process of levying the tax, would be making a distinction which the Legislature did not make, and which this court should not consider unless there be something in the act itself which indicates that such must have been the intention of the lawmakers. The courts must take the laws as they find them, and this act of 1885 applies the six-year Statute of Limitations to *all* actions brought to recover the amount paid where the title conveyed proves invalid. The title here was invalid, and that is sufficient for the limitation.

Arriving at this conclusion, it is unnecessary for us to consider the appeal taken by the plaintiff regarding the question of interest.

The judgment of the Appellate Division should be reversed, and that of the Special Term dismissing the complaint upon the merits affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.