JAMES HUTCHISON, as Trustee of the Property of JOHN KENNETH LEVESON ROSS, Authorized Assignor, Appellant, Impleaded with JOHN KENNETH LEVESON ROSS, Plaintiff, *v.* ETHEL ADINE ROSS and Others, Respondents. (Action No. 2.)

First Department, November 27, 1931.

*Nathan L. Miller* of counsel [*H. Bartow Farr* and *Frank B. Ober* with him on the brief; *Hornblower, Miller, Miller & Boston*, attorneys; and *Janney, Ober & Williams*, attorneys], for the appellant.

*John W. Davis* of counsel [*Emmet, Marvin & Martin*, attorneys for Ethel Adine Ross; *Murray, Aldrich & Webb*, attorneys for the Equitable Trust Company of New York; *Parker & Garrison*, attorneys for James K. M. Ross and Hylda Ross Hodgson; and *Bertram F. Willcox*, guardian *ad litem*, for Pamela Joan Ross, Anne Ross Hodgson and Linda Jane Hodgson], for the respondents.

MERRELL, J. In this action, plaintiff asks the return of a trust fund on the ground that the 1916 trust was revoked on the written consent of all persons beneficially interested. Upon this appeal there is nothing presented but a question of fact. The evidence of Mrs. Ross, the defendant, is to the effect that she executed the deed of revocation, upon which plaintiff bases his action, in reliance upon her husband's representation that it was merely a formal matter to cure a possible irregularity in the trust; that she signed the same at the request of her husband, and that he withheld from her the true nature of the document she was asked to execute; that she signed it without reading it or having it read to her and in entire ignorance of its contents, and that she never knowingly consented to the revocation of the trust. She testified that her signature was obtained by her husband's misrepresentation and concealment. She is corroborated by the husband's testimony, rather unwillingly given. The trial court held with the defendant

and dismissed the complaint. The evidence is ample showing that defendant knew nothing of the nature of her act when she executed the instrument seeking to revoke the trust. The court held that it was executed as the result of a fraud perpetrated upon her. We see no reason for interfering with such finding.

The judgment appealed from should be affirmed, with costs.

FINCH, P. J., McAVOY, MARTIN and SHERMAN, JJ., concur.

Judgment affirmed, with costs.