THE PEOPLE OF THE STATE OF NEW YORK ex rel. TICK REALTY CORPORATION and BELLE SLIFKA, Respondents, v. THE CITY OF LONG BEACH, LOUIS F. EDWARDS, as Mayor, etc., Appellants. THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABRAHAM SPIEGELGLASS, Respondent, v. THE CITY OF LONG BEACH and Others, Appellants. .THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS J. CELLA and Others, Respondents, v. THE CITY OF LONG BEACH and Others, Appellants. FIDELITY UNION TRUST COMPANY, etc., Respondent, v. THE CITY OF LONG BEACH and Others, Appellants.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

MORRIS T. SANDLER, Respondent, v. ADRO HOLDING CORP., Appellant. — Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

MORRIS BLANK, Respondent, Appellant, v. VILLAGE OF OSSINING, a Domestic Municipal Corporation, and RALPH ROBERTS, Treasurer of the Village of Ossining, Appellants, Respondents, and LEWIS H. ACKER, Defendant.— Cross-appeals from a judgment directing a refund of certain items comprising parts of tax liens, the transfers of which were purchased by plaintiff from the defendant Village of Ossining. Appeal by plaintiff dismissed, without costs. On appeal by defendants-appellants, judgment reversed on the law, with costs, and complaint dismissed, with costs. The attempted appeal by the plaintiff is from failure* of the judgment to award him a sum of money in accordance with his first cause of action. The judgment contains no adjudication of that cause of action. It was clearly indicated by the learned official referee that this cause of action should be dismissed, and it appears that his determination is correct. Before plaintiff could maintain an action for a refund of assessments, comprising in part tax liens which were transferred to him, on the ground that such assessments were void, he was required to commence an action to foreclose the liens and to do so within five years from the time of their sale. (Laws of 1910, chap. 667, § 73-i, as amd. by Laws of 1925, chap. 163.) The condition precedent contained in the charter provision is applicable as it relates to refunds arising from defects or invalidity irrespective of their nature. (*Lewis* v. *City of Lockport*, 276 N. Y. 336.) If the owner of the property, although action is commenced against it, does not claim that the lien is invalid, the holder of the transfer of tax lien may not do so. The Statute of Limitations is effective, irrespective of purchases of the transfer of tax' liens after sale. (*Traktman* v. *City of New York*, 241 N. Y. 221.) Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

FRONIA C. BOWLBY, Appellant, v. DIMOND LYNCH REALTY CORPORATION and Others, Defendants; VILLAGE OF LARCHMONT, Respondent.— Appeal by plaintiff from so much of a judgment as adjudges that the complaint for the foreclosure of a mortgage upon real property in so far as it seeks relief against the Village of Larchmont, be dismissed on the merits. Judgment, in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.