Hill, P. J.
Appeal by the Guaranty Trust Company of New York, claimant, from a judgment of the Court of Claims (Ryan, J.) which dismissed its claim for $65,155.75; paid in two installments, one of $27,226.62 on October 11, 1939, for unemployment insurance contribution for the period August 10 to and including September 30, 1939, the other of $37,929.13 contribution for a like purpose, paid on January 13, 1940, for the period October 1 to and including December 31, 1939. Matter of Bank of Manhattan Co. (Murphy) (267 App. Div. 456, decided March 8, 1944, affd. November 30, 1944, 293 N. Y. 515) ■ determined that all contributions toward the Unemployment Insurance Fund made by banking institutions organized under the laws of the State of New York were illegal from and after August 10 to and including December 31, 1939. A claim for refund was presented to the Industrial Commissioner of the State on June 21, 1944. This was denied and an appeal was taken. The Appeal Board of the Department of Labor on September 10, 1945, affirmed the earlier decisions and finally rejected the claim. A notice of intention to file a claim against the State of New York was filed with the Court of Claims on February 7,1945, and on October 9th of the same year the claim was filed with the Attorney-General and the Clerk of the Court of Claims. This appeal is from a judgment of dismissal.
The claim was rejected by the Court of Claims upon the grounds that claimant was not required to make a demand upon the Industrial Commissioner before commencing the action *713 against the State, citing inter alia Traktman v. City of New York (241 N. Y. 221) and that claimant’s cause of action arose immediately after it paid the tax at the times stated above, the opinion stating: “ In this instance the claim as well as the cause of action accrued on the dates the taxes were paid, October 11, 1939 and January 13, 1940. As no claim or notice of intention was filed within six months thereafter, this claim must be dismissed.” The limitation of time was fixed upon the authority of the Court of Claims Act (§ 10, subd. 4). As to the equities the opinion says: “ The State of New York has illegally collected and withholds from Guaranty Trust Company the sum of $65,155.75. We fully recognize that claimant’s demand is founded in right, equity and justice but this court can act only when it has obtained jurisdiction in a manner provided by the Legislature.” It is undisputed that the claim was filed within six years after the original payment and within six months after the decision by the Unemployment Insurance Appeal Board.
Claimant asserts that the payments were enforced contributions as distinguished from tax levies, and were used to augment the United States Government’s “ Unemployment Trust Fund ” (Labor Law, art. 18). Subdivision 3 of section 515 (art. 18) enacts: “ All contributions paid under this article, together with the interest and the earnings thereon and any penalties, shall upon collection be deposited in or invested in the obligations of the ‘ Unemployment Trust Fund ’ of the United States government * * * ”, and from section 519 (art. 18), “ The state commissioner of taxation and finance shall be the custodian of the funds received upon requisition by the commissioner from the unemployment trust fund and, subject to audit by the state comptroller, the industrial commissioner shall direct the distribution thereof ”, and from subdivision 1 of section 514 (art. 18), “ The fund shall be administered in trust and be used solely to pay benefits, upon vouchers drawn on the fund by the commissioner púrsuant to the rules established by him.”
Statutory trusts consisting of funds received from enforced contributions have been recognized as existing in this State. (Wood v. Supervisors of Monroe County, 50 Hun 1, affd. 124 N. Y. 676; Bridges v. Board of Supervisors of Sullivan County, 92 N. Y. 570; Crownshield v. Supervisors of the County of Cayuga, 124 N. Y. 583.) When an express trust becomes invalid, the former statutory trustee becomes the trustee of a resultant trust and holds the funds for the benefit of the settlor. (Miner v. Beekman, 50 N. Y. 337; O’Connor v. Gifford, 117 N. Y. 275; *714 DeForest v. Walters, 153 N. Y. 229; Bailey v. Buffalo L., T. & S. D. Co., 213 N. Y. 525.) A statute of limitation does not run against a settlor of a resultant trust until after a demand is made. (Spallholz v. Sheldon, 216 N. Y. 205; Bailey v. Buffalo L., T. & S. D. Co., supra; Wood v. Supervisors of Monroe County, supra.) The Restatement of the Law of Trusts (Vol. 1, § 95) says that the remedy is by an act of the Legislature or a suit in the Court of Claims. Under the statute here involved, application for a refund is required (art. 18, §§ 570, 620, 626). This application was finally, denied on September 10, 1945, as above stated. The notice of intention to file a claim had been earlier filed with, the Court of Claims, and the notice of claim was filed within six years after the refusal of repayment by the Appeal Board of the Labor Department, also within that period after the original contribution.
In the event the payment by the claimant amounted to a contribution to a trust fund and if the officials of the State are now administering a resultant trust, the notice and the claim were filed in time and claimant should have a hearing on the merits before the Court of Claims.. (Bailey v. Buffalo L., T. & S. D. Co., supra; Ross v. Ross, 137 Misc. 795, affd. 233 App. Div. 516.)
It is not to be questioned that if these payments were to be regarded as illegal tax collections, the cause of action accrued at the time of the payments in 1939 and 1940, respectively. (Ætna Insurance Co. v. Mayor, etc., of the City of New York, 153 N. Y. 331; Reid v. Board of Supervisors of Albany County, 128 N. Y. 364; Traktman v. City of New York, 241 N. Y. 221, supra; People ex rel. First National Bank v. Schadt, 237 App. Div. 233.) Such a rule is harsh and unrealistic in a case where the court has determined that the claimant’s demand is founded ‘1 in right, equity and justice ’ ’ and a court should be diligent in searching for an “ out ” from the enforcement of a rule of law that is inequitable and unjust. The facts and the statute sustain the theory that here we have a trust created by statute and that the public officials became trustees of the resultant trust when the enforced contributions here involved were determined to be illegal.
The order appealed from should be reversed on the law and facts, and the matter remitted to the Court of Claims for a hearing on the merits.
Heefebxax, Bbewsteb, Fostee, and Russell, JJ., concur.
Order reversed on the law and facts, with $25 costs, and matter remitted to the Court of Claims for a hearing on the merits. [See 272 App. Div. 842.]