CULLEN, J.
—In the year 1892 the board of supervisors of the county of Queens, by two resolutions, directed-tlie improvement of certain highways in the town of Jamaica, in that county. By these resolutions certain named persons were appointed commissioners to take charge of and superintend such improvements, and the commissioners were authorised to- make all necessary contracts for doing the work. The commissioners were directed to prepare plans and specifications, and all other instruments in writing, for doing the work: “provided, however, that all such plans specifications, *529 «contracts, and other instruments in writing shall be submitted to this board for its approval as to form and sufficiency before being signed by said commissioners; and provided, further, that preposals for the doing of such work shall first be publicly advertised for as directed by section 4 hereof.” In pursuance of this authority the commissioners entered into written contracts with the plaintiff for improving certain highways. The contracts for the several highways were all of the same general form, and were entered into in pursuace of advertisements for proposals made by the commissioners, and of bids made by the contractor in answer thereto. The advertisement for proposals gave the engineer’s estimate of the quantities and qualities of the work, but expressly stated that the quantities ay eré approximate only, and required any bidder to satisfied himself as to the accuracy of the estimate. It was further expressly provided that “no extra compensation beyond the amount payable for the several classes of work before-enumerated, which shall be actually performed, at the prices therefor to be specified by the loArest bidder, shall be due or payable for the entire work.” It Avas further specified that no deviation from the specifications would be alloAved, unless a written permission should have been previously obtained from the commissioners, and that Avork or material not specified, and for Avhich a price is not named iu the contract, will be allowed for.” The bidders Avere required to state a price per running foot for completed pavement. The bid of the plaintiff stated that lie had examined this request for proposals, and the proposed contract, and offered to contract for all the Avork for a specified price per running foot of completed pavement. By the contract subsequently executed by the parties the plaintiff “admits and agrees that the amounts and quantities of material to be furnished and work to be done, as stated in the proposals for estimates for the said work, are approximate only, ® " ® and that he covenants and agrees that he will do the entire work to the satisfaction of the said commissioners, and in substantial accordance with said specifications, and that he Avill not ask, demand, sue for or recover, for the entire Avork, any extra compensation beyond the amount payable for the several classes of Avork in this contract enumerated, which shall be actually performed at the prices therefor herein agreed upon and fixed.” The claim in this action is for an unpaid balance of the contract price for the improvement of the Merrick road, and for extra work done in the pavement of Van Wyclc Avenue and Broadivay, The items of extra work claimed "by the plaintiff, and allowed by the referee, Avere *530 for loam spread on Broadway and Yan Wyck avenue; fon labor in surfacing Yan Wyck avenue; and for screenings thereon; for Roar Hook gravel furnished for Broadway; and for excavations and hauling on that street; amounting in all to $11,130.
We are inclined to the opinion that, as aiming it to be within the power of the commissioners to modify the contract, and order extra work, the plaintiff has not shown himself entitled to recover for the work in suit, except for unpaid balance of the contract price for the Merrick road. The contract was drawn to preclude claims for extra work of the character of that here presented. The plaintiff expressly admitted that the amounts and quantities of materials were approximate only, and stipulated that he would not only ask, demand, or sue for extra compensation for the several classes of work enumerated in the contract, and as to the work of a class not enumerated in the contract, and for which no price was named, he should no the allowed anything therefor. It is apparent from the testimony that the commissioners did not assume to modify the contract. The plaintiff was referred by them to the engineer, and directed to comply with his instructions in the performance of the-work. In the main the work done by the plaintiff was not directed to performed as additional to, or outsideof, the contract, but as in the proper performance thereof. The plaintiff’s foreman festines that such work did not help the road a bit, but we have to do it, or stop work. ® * * I declined, to do it. The result was, we had to do it or stop. It was necessary because the commissioners told us that we must do as the engineer says.” Therefore, when the plaintiff yielded to the demand of the engineer or commissioners to perform such work, he acceded to their contention that the work wasnecesary to properly perform the contract. As to the item of the- Roar Hook gravel, the evidence seems to support the plaintiff’s claim that this was in excess of the contract material. It was testified that, the foreman having suggested to the engineer that this gravel Aras the best covering, the engineer agreed to order it, if the commissioners Avould authorise it. For 500 yards actually used, the plaintiff received additional pay. The claim in suit is for the value of 300 yards delivered at the Ayork, but not used. This quantity, the plaintiff claims, AAras rendered worthless, because the engineer stopped him from further using that material. As to this item the claim, is not in truth, for extra work, but for breach of the contract to take the material. Such a claim AAras not alleged in the complaint, nor do avg find the evidence sufficient to sIioav that there Avas an agreement to receive any definite amount. The plaintiff *531 would therefore not be entitled to recover the value of this material. But, however this may be, we are clear that the commissioners had no power to impose on the count)7" any liability for work outside of and beyond the provisions of the contract. The commissioners were public officers. Their sole authority to bind the county proceeded from the resolutions enacted by the board of supervisors. All persons dealing with them were bound to ascertain the limits of their powers and authority, and are chargeable with knowledge of such limits. Lyddy v. Long Island City, 104 N. Y. 218; Donovan v. Mayor, etc., 33 N. Y. 291. The resolutions did not constitute the commissioners sole judges of the improvements to be prosecuted, or authorize them to make such contracts for the improvements as they deemed proper. The grant of authority to the commissioners was expressly subject to the provision that not only the plans and specifications of the improvements, but also the contracts for its performance, should be submitted to the board of supervisors for approval. If the work done by the plaintiff is not within the terms of the specifications, then the commissioners were not authorized to contract for its performance ; for it is only workr required by specification, approved by board of supervisors that the commissioners were authorized to contract for or prosecute. If within the requirements of the specifications, then by the express terms of the contract the plaintiff is not entitled to recover for such work. The only power given the commissioners was to execute a contract previously approved by the board of supervisors. A modification of an existing contract, without such approval, would be as invalid as the execution of an original contract, without complying with this provision of the resolutions. While it "was intended that the commissioners should not only have charge and superintendence of the physical prosecution of the work, but also should in the first instance determine what the work should be and Avhat character of contract should be made theretor, still it was also intended that the action of the commissioners in the latter respects should not become final or operative except Avith the assent and approval of the board of supervisors; and it aa’us further intended that no liability should be imposed on the county, except in pursuance of a contract approved by that board, and aAvarcled after advertisement. Therefore no action of the commissioners, except Arhen had in strict compliance with the authority vested in them by the board of supervisors, could in any wise bind the county. As to the first item, the unpaid balance of contract price, Ave think this Avas properly alloAved to plaintiff. There is no evidence in the case sufficient to show that he *532 forfeited this amount by his failure to perform the work1 in Lime. On this question the burden of proof was upon the defendant, and it was to establish affirmatively that it was entitled to retain the money.
The judgment appealed from should be reversed, and a new trial granted before a new referee, costs to abide the event, unless the plaintiff stipulates to reduce the amount found due to him to the sum of $1,730, with interest from January 1, 1894, in which case the judgment as reduced, should be affirmed, without costs to either party,
All concur.