RED RIVER VALLEY LAND COMPANY, a Corporation, Appellant, v. LYMAN HARRIS, as Administrator of the Estate of S. Harris, Deceased, Respondent.

(172 N. W. 68.)

**Contracts — tax record — application of caveat emptor — void tax titles.**

The maxim *"caveat emptor"* applies with full force to one who purchases land from the vendee of a purchaser of a tax title; and where the tax records disclose several jurisdictional defects rendering the tax title void, such purchaser has no cause of action against the original owner of the tax title merely because at his suggestion and solicitation the officer who issued the tax deed inserted therein a more complete description of the lands than that which appeared on the tax record.

Opinion filed March 31, 1919.

From a judgment of the District Court of Burleigh County, *Nuessle*, J., plaintiff appeals.

Affirmed.

*Geo. A. Bangs* and *Geo. R. Robbins,* for appellant.

"A person who gives to a worthless object the form and substance of something of value with the purpose and intent of setting afloat such worthless objects in the markets and channels of trade, knowing and intending that people will purchase, trade, and deal therein, paying out their money therefor, which money somebody must necessarily lose, is liable to anyone sustaining such loss or damage." Baker v. Hallam, 103 Iowa, 43, 72 N. W. 419; Bank v. Ward, 100 U. S. 195; Bank of Achison v. Beyers, 139 Mo. 627, 41 S. W. 325; Bartholomew v. Bentley, 15 Ohio, 659, 45 Am. Dec. 596; Blood Balm Co. v. Cooper, 82 Ga. 457, 5 L.R.A. 612, 20 Am. St. Rep. 324, 10 S. E. 118; Boyd v. Cocoa Cola Bottling Works, 132 Tenn. 23, 177 S. W. 80; Bruff v. Mali, 36 N. Y. 200; Clark v. Edgar, 84 Mo. 106; Cincinnati, N. O. & T. P. R. Co. v. Citizens' Nat. Bank, 56 Ohio St. 351, 47 N. E. 249; Craft v. Parker, W. & Co. 96 Mich. 245, 55 N. W. 812; Crigger v. Cocoa Cola Bottling Works, 132 Tenn. 545, 179 S. W. 155; Darks v. S. G. Grosser Co. 146 Mo. App. 246, 130 S. W. 430; Gerkins v. Brown of Sehler Co. 177 Mich. 45, 143 N. W. 48; Gerner v. Mosher,

58 Neb. 135, 46 L.R.A. 244, 78 N. W. 384; Henry v. Dennis, 95 Me. 24, 85 Am. St. Rep. 365, 49 Atl. 28; Houston v. Thornton, 122 N. C. 365, 65 Am. St. Rep. 699, 29 S. E. 827; Kuelling v. Roderick Lean Mfg. Co. 183 N. Y. 78, 2 L.R.A.(N.S.) 203, 111 Am. St. Rep. 691, 75 N. E. 1098, 5 Ann. Cas. 124; Lobdell v. Baker, 3 Met. 469; Leonard v. Springer, 197 Ill. 532, 64 N. W. 299; Mazetti v. Armour & Co. 75 Wash. 622, 48 L.R.A.(N.S.) 213, 135 Pac. 633; Morgan v. Skiddy, 62 N. Y. 319; Nash v. Trust Co. 159 Mass. 437, 34 N. E. 625; National Bank v. K. O. M. 120 C. C. A. 362, 202 Fed. 90; O'Brien v. Am. Bridge Co. 110 Minn. 364, 32 L.R.A.(N.S.) 980, 136 Am. St. Rep. 503, 125 N. W. 1012; Peters v. Jackson, 50 W. Va. 644, 57 L.R.A. 428, 88 Am. St. Rep. 909, 41 S. E. 190; Schubert v. Clark, 49 Minn. 331, 15 L.R.A. 818, 32 Am. St. Rep. 559, 51 N. W. 1103; Scott v. Abbot, 87 C. C. A. 475, 160 Fed. 573; Skin v. Reutter, 135 Mich. 57, 63 L.R.A. 743, 106 Am. St. Rep. 284, 97 N. W. 152; Statler v. Ray Mfg. Co. 195 N. Y. 478, 88 N. E. 1063; Sticket v. Atwood, 25 R. I. 456, 56 Atl. 687; Sykes v. P. F. C. Co. 157 Iowa, 601, 138 N. W. 554; Torgeson v. Schultz, 192 N. Y. 156, 18 L.R.A.(N.S.) 726, 127 Am. St. Rep. 894, 84 N. E. 956; Tomlinson v. Armour & Co. 75 N. J. L. 748, 19 L.R.A.(N.S.) 923, 70 Atl. 314; Warfield v. Clark, 118 Iowa, 69, 91 N. W. 833; Waters Pierce Co. v. Deselms, 212 U. S. 159; Watson v. Augusta Brewing Co. 124 Ga. 121, 1 L.R.A.(N.S.) 1178, 52 S. E. 152; Windram v. French, 151 Mass. 547, 8 L.R.A. 750, 24 N. E. 914; Woodward v. Miller, 119 Ga. 618, 64 L.R.A. 932, 100 Am. St. Rep. 188, 46 S. E. 847; Cooley, Torts, p. 946; 20 Cyc. 70, Statements made to Mercantile Agencies; 2 Kinkead, Torts, § 725, p. 1378; 4 Sutherland, Damages, § 1166, p. 3386; 1 Thomp. Corp. 2d ed. § 748.

*Newton, Dullam, & Young,* for respondent.

"It cannot be presumed that the person making a false representation knew it was false or that he made it to deceive, but those facts must be affirmatively made out by evidence." 12 R. C. L. 72.

An alleged fraud is not actionable unless six certain conditions exist, and the absence of any of them is fatal to recovery. 20 Cyc. 13; Southern Development Co. v. Silva, 31 L. ed. 679.

"Misjudgment however gross, or want of caution however marked, is not fraud." Boddy v. Henry (Iowa) 85 N. W. 771.

"Where a purchaser buys tax titles on land occupied by owners, the buyer is bound to look up for himself as to what the rights of such occupants are, and cannot hold the vendor for damages." Bianco v. Smith (Ariz.) 28 Pac. 880; Andrus v. Smelting Co. 130 U. S. 645, 32 L. ed. 1054; Peabody v. Phelps, 9 Cal. 213; Caldwell v. Pierson, (S. D.) 159 N. W. 124.

"The proof of fraud must be clear and convincing, and be evidenced by facts which are inconsistent with an honest purpose." Reitsch v. McCarty, 35 N. D. 555. To the same effect see 20 Cyc. 120; 12 R. C. L. 436.

"In this state a cause of action sounding in tort does not survive the death of the tort-feasor." Williard v. Mohn, 24 N. D. 386; Rev. Codes 1905, § 8169, Comp. Laws 1913, § 8799.

"Where the facts are not disputed, but have been found by the jury, the question whether they constitute actionable fraud is for the jury." 20 Cyc. 123; Reynolds v. Munch (Minn.) 98 N. W. 187.

"Contracts affecting the administration of justice are not enforceable." 6 R. C. L. 157; Comp. Laws 1913, § 5870; Lowe v. Crocker, 143 N. W. 176; Lindsey v. Smith, 24 Am. Rep. 463; Quirk v. Miller (Mont.) 25 L.R.A. 87.

ROBINSON, J. The plaintiffs are a small speculative corporation of Fargo, North Dakota. It is composed of John Mahon, C. W. Andrus, and others. This is an action based on fraud in the manufacture and sale of worthless tax deeds. The claim of plaintiff is that in April, 1912, by fraud and artifice, defendant, Harris, palmed off on them a lot of worthless tax deeds to nearly 10,000 acres of land in Tennessee, for which they paid 75 cents an acre, amounting to $7,135.37; and that their loss by reason of defective titles was $103,000 and interest. As the evidence shows, the plaintiffs secured the tax deeds under written contract with Walker & Company, of Omaha, Nebraska, and Walker & Company obtained the deeds from S. Harris at 60 cents an acre, and made on the deal $1,500.

Exhibit A is a contract made by Harris to Walker Company for tax titles covering 30,000 acres at 60 cents an acre. Exhibit B is a contract made by plaintiffs with Walker Company to purchase tax titles covering 10,000 acres at 75 cents an acre. In the written con-

tract with Walker the plaintiffs did not bargain for good tax titles; they bargained only for tax titles, and they got tax titles, though of a very defective quality. They did not contemplate the purchase of good titles, but of titles that might be good to sell and palm off on some innocent person. Walker was called as a witness for plaintiffs and testified to a contract of March 12, 1912, by which S. Harris agreed to secure tax deeds for Walker & Company, and to have the same confirmed by order of the court, for about 30,000 acres at 60 cents an acre. Pursuant to contract Harris secured the tax deeds and took them in the name of Ben Hayden, his bookkeeper. He made to Walker Company the tax deeds in question, leaving a blank for the name of the grantee. Walker took the blank deeds and delivered them to the plaintiffs and received 75 cents an acre. S. Harris never had any contract or deal with the plaintiffs, and he received no money from them. In the deal with the plaintiffs Walker or Walker & Company were independent contractors, and not in any way the agent of Harris. Though not alleged in the complaint, it is stated as a fact, and there is evidence, that the tax deeds were fatally defective because the lands were not described in the tax records; and that Harris employed a surveyor to locate the lands and to make descriptions which were inserted in the records by the clerk of the court. But that is all a matter of little or no consequence. For several other reasons the deeds were all clearly void, and each deed is void on its face. It recites that for a certain sum the clerk of the court conveys to Ben Hayden a specified acreage of land in the county of Van Buren, Tennessee, as appears of record in the office of the register of deeds in certain book and page; that the land was sold to the state treasurer for the delinquent taxes properly assessed to a certain person for a certain year, and the time for redemption has expired. Each deed is made in the name of the clerk of the court, and not in the name of the state or the state treasurer, who bid in the land; and no deed gives any description of the land, except by reference to a book and page in the office of the register of deed. The land descriptions are everywhere defective, but that is of no consequence because with the most perfect descriptions the deeds would still be void on their face. Then it appears that before sale all the taxes were paid and the lands were not sold for delinquent taxes.

Counsel for plaintiff insists on this principle of law: "A person

who gives to a worthless object the form and *substance of something of value* with the *purpose and intent of setting* afloat such *worthless objects in the markets and channels of trade commerce, knowing and intending that people will purchase, trade, and deal therein, paying out their money therefor, which money someone must necessarily lose, is liable to anyone sustaining such loss or damage."*

Now it is true that Harris and Walker, the clerk of the court, and the plaintiffs either knew or should have known that the deeds were worthless, except for the purpose of trade and deception. No person seriously counted on obtaining a good title to the land at 60 or 75 cents an acre, but at such a price the plaintiffs were willing to take the chance of palming off the worthless titles onto some person more innocent than themselves. But as it fell out the deeds were too bad for any purpose. They did not have "the sum or substance of anything of value." And so in this state thousands on thousands of worthless tax deeds have been issued and the tax title transferred from one to another, and still we have never heard that the clerk or auditor issuing the deeds or party quitclaiming title has been held liable because of defective titles, unless upon covenant or contract. Of course it is true that one who sells personal property as his own warrants that he has a good title. Comp. Laws, § 5975. And one who sells an instrument purporting to bind anyone to the performance of an act thereby warrants the instrument to be what it purports to be, and that he has no knowledge of any facts which tend to prove it worthless; but that does not refer to tax titles such as those in question. To a purchaser of a tax title and to a person who tries to get for 75 cents an acre land that is worth $10 an acre, the maxim *"caveat emptor"* applies with full force. The testimony convincingly shows that Harris, Hayden, Walker, and the plaintiff were not innocent parties. Each party knew, or should have known, that the titles were void on their face and good for nothing only to sell and palm off on a class of innocent persons, commonly known as suckers. That was the purpose and the only purpose for which Walker and the plaintiffs purchased the titles. Hence it is that neither party has any remedy or cause of action against the other. Between those who are equally in the wrong, the law does not interfere. Section 7258. The judgment of the District Court should be affirmed.

Judgment affirmed.

GRACE and BRONSON, JJ., concur in the result.