## WILSON v. SALT LAKE COUNTY CORPORATION.

No. 3483.   Decided December 15, 1920.   (194 Pac. 125.)

1.   TAXATION—PURCHASERS FROM COUNTY OF MINING CLAIMS SOLD
     FOR TAXES NOT ENTITLED TO REFUND BECAUSE TAXES ERRONEOUS.
     Where mining claims were assessed for taxes as patented
     claims and sold to the county for delinquent taxes, a stranger
     to the title, who purchased them from the county, was not
     entitled to a refund under Comp. Laws 1917, § 6043, providing
     for a refund of taxes erroneously or illegally collected, though
     the claims were unpatented, and though unpatented claims
     are not taxable, as the payments were voluntary, and the rule
     of caveat emptor applied.

2.   TAXATION—COUNTY BECOMES LEGAL OWNER OF LAND SOLD TO
     IT FOR TAXES.   Assuming that proceedings leading up to a
     tax sale to the county were legal and regular, the county be-
     came to all intent and purposes the legal owner of the prop-
     erty upon the passing of the auditor's tax deed therefor.

Appeal from District Court, Third District, Salt Lake
County; *J. Louis Brown,* Judge.

Action by R. G. Wilson against the Salt Lake County Cor-
poration.   Judgment for plaintiff, and defendant appeals.

REVERSED and REMANDED with directions.

*Richard Hartley,* Co. Atty., and *D. A. Skeen,* Asst. Co.
Atty., both of Salt Lake City, for appellant.

*Christensen, Stull & Carter,* of Salt Lake City, for re-
spondent.

CORFMAN, C. J.

Plaintiff commenced this action against the defendant in
the district court for Salt Lake county to recover the price
paid by him to the defendant (hereinafter referred to as the
county) for certain unpatented mining claims.

It is alleged in the complaint, in substance, that in and for

the years 1909, to and inclusive of the year 1916, the assessor for the county assessed, and levies were made, for taxation purposes, under the laws of Utah, upon certain lode mining claims, situate in the West Mountain mining district, Salt Lake county, Utah, named and known as the "Murray Lode," the "Murray Lode Nos. 1, 2, 3, 4, 5, and 6," the "Lucky Joe Lode" and the "Lucky Joe Lode No. 1," nine claims in all, having a total area of 145.34 acres, at a uniform value of $5 per acre, for each of said years; that said assessments and liens were made against the reputed owner of the claims, the Humboldt Gold Mining Company, as patented mining claims; that the tax so levied and assessed for the year 1909 became delinquent and, in conformity with statute, said mining claims were sold for delinquent taxes to the county on January 20, 1910; that said mining claims were not redeemed, and thereafter, April 16, 1914, a county auditor's deed was made and recorded in the office of the county recorder, conveying the said mining claims to the county; that the title to said mining claims so acquired by the county was thereafter, on July 18, 1917, sold and transferred by the county to the plaintiff for the amount of the taxes for said years 1909 to 1916, both years inclusive, with interest thereon; that the plaintiff in paying said amount of taxes, with interest, to the county, for said mining claims, relied upon the validity and legality of the county assessor's assessment of said mining claims as patented claims, but subsequent to plaintiff's purchasing said claims and paying to the county said price therefor plaintiff discovered, on examination of the records of the United States land office at Salt Lake City, that, at the time of the assessment made in 1909, only four of said claims had been patented and United States patent issued therefor, and that the remainder of said claims, to wit, the "Murray Lode," the "Murray Lode Nos. 5 and 6," the "Lucky Joe Lode," and the "Lucky Joe Lode No. 1," with a total area of 71.744 acres, were not patented at the time of said assessment in 1909, nor have they since been patented, but the title thereto was at all times mentioned, and ever since has been, in the United States, subject only to such pos-

sessory rights as claim locaters may have therein; that the assessment of said unpatented claims was without authority of law and illegal, and by reason thereof plaintiff, on or about the ——— day of November, 1917, presented his petition to the board of county commissioners, setting forth said facts, and asking for an order authorizing and direction the treasurer of the county to refund to the plaintiff the amount of the taxes and interest, to wit, $111.44, paid by him for the said unpatented mining claims, which petition was denied. Judgment was demanded for the amount so paid by plaintiff for the unpatented claims, with interest and costs. A general demurrer, interposed by the county to the complaint, was overruled. The county elected to stand upon its demurrer, and declined to further plead. Thereupon a default was taken, and a judgment entered in plaintiff's favor in accordance with the prayer of the complaint. Defendant appeals. The errors assigned are the overruling of the demurrer and the entering of the judgment against the county.

Plaintiff in his brief and argument makes the statement that he seeks to recover from the county under the provisions of section 2642, C. L. U. 1907 (section 6043, C. L. U. 1917) which reads:

"Any taxes, interest, and costs paid more than once, or erroneously or illegally collected, may, by order of the board of county commissioners, be refunded by the county treasurer, and the portion of such taxes, interest, and costs of the state, cities, and school districts must be refunded to the county, and the proper officer must draw his warrant therefor in favor of the county; provided, that the board of county commissioners, upon sufficient evidence being produced that property has been erroneously or illegally assessed, may order the county treasurer to allow the taxes on that part of property erroneously or illegally assessed to be deducted before the payment of the said taxes."

Conceding that the unpatented claims purchased by the plaintiff from the county were erroneously taxed and sold as patented mining claims, the fact remains, as shown by the complaint, that the plaintiff was not the owner nor otherwise interested in the mining claims so sold except as a purchaser from the county after the period for redemption of the property from the tax sale had expired and an auditor's

deed had been issued, purporting to transfer the title and interest of the owner to the county. This is not a case where the owner of the property taxed is seeking redress or complaining of taxes being paid more than once, or that the taxes were erroneously or illegally collected, but one in which the plaintiff, as a purchaser of mining claims the title to which it is alleged was, supposedly at least, acquired by the county through the medium of a tax sale after the owner had failed to redeem or avail himself of the statute invoked by plaintiff and subsequent to the county receiving an auditor's deed therefor.

Under the existing facts and circumstances, as alleged in the complaint, we do not think the provisions of section 6043, supra, may be held to apply. The plaintiff in this action was not a taxpayer in any sense of the word, nor was he a purchaser at the tax sale, nor a grantee or transferee of the owner of the mining claims at the time of their assessment by the county assessor or at any time since, but was at all times until he purchased of the county an entire stranger to the title of both patented and unpatented mining claims. Assuming that all of the proceedings leading up to the sale and the acquirement of the property by the county were regular and legal (and they are so alleged to be by the complaint with the exception that the unpatented claims were erroneously taxed as patented claims), then the county became to all intent and purposes the legal owner of the property upon the passing of the auditor's tax deed therefor.

It is argued and contended for by the county attorney that the unpatented mining claims were, under the provisions of our Constitution and statutes, subject to taxation, and that the mere fact that through the course of the tax proceedings the unpatented mining claims were treated and regarded as patented claims would not justify a recovery of the purchase price paid for them by the plaintiff.

As we view the present case, we are not called upon to meet the question as to whether or not the unpatented claims are, in the hands of their claimants, proper subjects of taxation. Regardless of the question whether or not in this state

unpatented mining claims may be in the hands of their owners regarded as property subject to taxation, the illegality of the tax proceedings complained of by plaintiff is that the claims in questions were erroneously treated as patented claims when in fact they were unpatented. For the purposes of this case, however, let us assume, without deciding, that unpatented mining claims, are not legally subject to taxation, still we are of the opinion that under the facts and circumstances alleged in the complaint the plaintiff would not be entitled to a recovery against the county, but that the rule of caveat emptor contended for by the county attorney should apply. The plaintiff was not impelled to purchase the mining claims from the county for the purposes of protection, as in the case where the property owner pays an illegal tax and then justly demands a refund at the hands of the county. By any kind of diligence the plaintiff could just as readily have ascertained the status of the mining claims, as to their being patented or otherwise, before he took a deed of conveyance from the county as subsequent thereto. The public records were open to him, and he was just as much privileged to investigate the status of the claims before purchasing as afterwards. To hold that plaintiff, under the facts and circumstances alleged in his complaint, is not required to exercise the ordinary prudence of a vendee, in our opinion, would be placing a premium upon gross negligence, and be giving the statute referred to herein an interpretation not warranted by its express provisions, and afford a remedy never intended by legislative enactment. *Brooks* v. *Tulare County,* 117 Cal. 465, 49 Pac. 469; *Stutsman* v. *Wallace,* 142 U. S. 293, 12 Sup. Ct. 227, 35 L. Ed. 1018.

We are not unmindful that the courts generally have been liberal in applying the provisions of like and similar statutes to ours in cases wherein the owner of property has been obliged to pay illegal taxes in order to protect his property or where a purchaser at a tax sale has failed to receive any consideration for his money by reason of wrongful or erroneous proceedings on the part of taxing officers, but our at-

Certiorari.  Award Vacated

tention has not been called to any case, and we know of none, in which a recovery was permitted against a municipality under like or similar facts and circumstances as alleged in the complaint under consideration. The payment of the purchase price of the mining claims by the plaintiff to the county was wholly voluntary, and, as we think, made under circumstances unaided by the provisions of the statute he now invokes. Therefore, as at common law, the rule of caveat emptor should be held to strictly apply.

It is therefore ordered that the judgment entered by the district court against the defendant be reversed, vacated, and set aside, and that the cause be remanded to said court, with directions to proceed in accordance with the views herein expressed. Appellant to recover costs.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.