Edmund J. Robbins, Respondent, *v.* John L. Abrew et al., Defendants, and Barney Davis et al., Appellants.

234

Argued May 26, 1937; decided July 13, 1937.

*Charles S. Rosenchein, Samuel Luloff* and *Morris Luloff* for appellants. Since the county was the owner in fee of the property at the time when the 1925 taxes became a lien, there was a merger which destroyed the lien of the taxes; therefore, the sale to plaintiff for non-payment of those taxes was void. (*Wells* v. *Johnston,* 171 N. Y. 324; *Raquette Falls Land Co.* v. *Hoyt,* 109 App. Div. 119.) By the specific terms of the deed from the county to the predecessor of defendants-appellants, " all the estate, right, title, interest, claim and demand whatsoever both in law and in equity " of the county passed to the grantee and that includes the lien of the tax. (*Pickell* v. *City of Utica,* 161 App. Div. 1; 216 N. Y. 740; *Eisenhut* v. *De Vries,* 269 N. Y. Supp. 485.) Real property owned by the county and situate wholly within the county is not taxable by the county. Therefore, the sale for 1925 taxes was void. (*Matter of Hamilton,* 148 N. Y. 310; *Wells* v. *Johnston,* 171 N. Y. 324; *Beekwill Realty Corp.* v. *City of New York,* 254 N. Y. 423.) Any claim of defect in the formalities of the tax sale out of which defendants-appellants derived title is barred by the Statute of Limitations (Cons. Laws, ch. 60, §§ 131, 132). (*Dunkum* v. *Maceck Building Corp.,* 256 N. Y. 275.)

*Leonard L. Bishop, Jr.,* for respondent. By levying taxes against the property for the year 1925 the county abandoned any claim of title under its void tax deed. *Bamonte* v. *Ocean Beach Fire Island Co.,* 222 App. Div. 676; 248 N. Y. 642; *Schreiber* v. *Moynihan,* 197 Penn. St. 578; *Feltz* v. *Natalie Anthracite Coal Co.,* 203 Penn. St. 116.) Assuming that the county was the owner of the fee and that the levying of the 1925 tax was not an abandonment of title, the 1925 taxes were valid and there was no merger of the fee and tax lien. (*Clark* v. *Sprague,* 113 App. Div. 645.) There was no merger of the 1925 tax lien and the county's tax title. (*Fruth* v. *Bolt,* 164 N. W. Rep. 105; *Smith* v. *Roberts,* 91 N. Y. 470.)

HUBBS, J. Prior to November 4, 1925, the county of Suffolk had acquired tax liens upon eight parcels of vacant and unoccupied land, situate in that county. It had bid in the property at tax sales. The property not having been redeemed, on that date the County Treasurer deeded the property to the county. The deed was recorded the same day.

Section 154 of the Tax Law (Cons. Laws, ch. 60) provides that if real property so bid in be not redeemed, the County Treasurer shall execute to the purchaser a conveyance thereof subject, however, " to all claims the county or state may have thereon for taxes or liens or incumbrance."

By virtue of the deed from the County Treasurer, the county of Suffolk became the absolute owner of the real property in question on November 4, 1925. The section also provides that the county of Suffolk may dispose of the title thus acquired " at such times and upon such terms as shall be determined by a majority of the board of supervisors."

On December 8, 1925, the county deeded the premises in question, title to which it had acquired by the deed dated November 4, 1925, to Joseph Speigel. The appellants by mesne conveyances acquired the Speigel title.

Thereafter for six years they paid the taxes on the property. They then discovered that respondent also had a deed of the same property which he had received from the county on December 16, 1929, four years after appellants' predecessor had received his deed from the county.

Respondent's claim of title arises as follows: On July 1, 1925, before the county received its deed, an assessment was made on the property. The warrant was signed November 30, 1925, after the county received its deed and the tax became a lien on December 1, 1925. The tax was not paid and on October 29, 1926, the property was sold at a tax sale to respondent. Thereafter and on November 16, 1929, the county gave a deed to respondent.

It thus appears that the tax lien for 1925 taxes did not attach until December 1, 1925. Meanwhile, on November 4, 1925, before the tax for 1925 had become a lien, the County Treasurer deeded the property to the county which thereby became the owner in fee. After the lien for the 1925 taxes had attached and on December 9, 1925, it deeded the property to appellants' mesne grantors. Thus at the date of the last mentioned deed, the county owned the property in fee and also owned a tax lien on the property for the 1925 taxes. The question for determination is which deed from the county takes precedence?

We believe the appellants' predecessor received a good title under his deed of December 8, 1925, and that at the time the county deeded to respondent it did not have any title to the premises which it attempted to convey to him by the deed dated November 16, 1929. The deed of December 8, 1925, from the county to appellants' predecessor recited that it conveyed " all the right, title and interest of the party of the first part in and to said premises."

At the time it was the owner in fee. It also had a lien for the unpaid tax for 1925. The effect of its deed was to convey to appellants' predecessor in title all of its interest both as owner in fee and arising from its tax lien. (Real Prop. Law [Cons. Laws, ch. 50], § 255.)

Section 154 of the Tax Law, by virtue of which the county acquired authority to give the deed, makes a distinction between a deed executed by a County Treasurer upon a tax sale and a deed given by a county after it has acquired title under a deed given as the result of a tax sale. One who bids in property at a tax sale and receives a deed receives it subject to " all claims the county or state may have thereon for taxes."

The same section provides that the county of Suffolk may dispose of property acquired by deed as a result of a tax sale " upon such terms as shall be determined by a majority of the board of supervisors."

The Board by resolution authorized the County Treasurer to give in its name the deed which was given. That deed conveyed all of the interest of the county, " subject to any claims or liens thereon which may exist in favor of the State." That exception excluded claims or liens in favor of the county. (*Pickell* v. *City of Utica*, 161 App. Div. 1; affd., 216 N. Y. 740.)

Any irregularity or jurisdictional defect in the assessment or sale by which the county acquired title was cured by sections 131, 132 and 158 of the Tax Law which provide a short statute of limitations. (*Dunkum* v. *Maceck Building Corp.*, 256 N. Y. 275.)

Other questions have been argued and we have considered them, but deem it unnecessary to discuss them.

The judgments should be reversed and judgment directed in favor of the appellants, with costs in all courts. (See 275 N. Y. 542.)

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.