LINDLOTS REALTY CORPORATION, Respondent, *v.* COUNTY OF SUFFOLK, Appellant.

Argued March 16, 1938; decided May 24, 1938.

*Harold R. Medina, Vahan H. Kalenderian, John W. Jordan* and *Edgar F. Hazleton* for appellant. The plaintiff's cause of action is barred by the five-year Statute of Limitations contained in section 132 of the Tax Law (Cons. Laws, ch. 60). (*People* v. *Turner,* 117 N. Y. 227; 145 N. Y. 451; *Meigs* v. *Roberts,* 162 N. Y. 371; *Halsted* v. *Silberstein,* 196 N. Y. 1; *Bryan* v. *McGurk,* 200 N. Y. 332; *Dunkum* v. *Maceck Building Corp.,* 256 N. Y. 275; *Robbins* v. *Abrew,* 275 N. Y. 233; *People ex rel. McGuinness* v. *Lewis,* 127 App. Div. 107; *Doud* v. *Huntington Hebrew Congregation,* 178 App. Div. 748; *Marx* v. *Hanthorn,* 148 U. S. 172; *Wallace* v. *McEchron,* 176 N. Y. 424; *Dinniny* v. *Brown,* 148 App. Div. 671; *People* v. *Francisco,* 76 App. Div. 262; *People* v. *Pulver,* 226 App. Div. 416; *People* v. *Bain,* 60 Misc. Rep. 263; *People* v.

*Faxon*, 111 Misc. Rep. 699; *Morgan* v. *Turner*, 35 Misc. Rep. 399; *Matter of Burlingham Land & Improvement Co.* v. *Hoyle*, 255 N. Y. 554; *Budd* v. *Franco*, 194 App. Div. 803; *People ex rel. Stephens* v. *Supervisors*, 104 App. Div. 176; *Minnesota Loan & Investment Co.* v. *Beadle County*, 18 S. D. 431; *Camp* v. *Smith*, 136 N. Y. 187.) The plaintiff in the purchase of the titles involved was bound by the rule of *caveat emptor.* (*Coffin* v. *City of Brooklyn*, 116 N. Y. 159; *Traktman* v. *City of New York*, 241 N. Y. 221; *Shelton* v. *Klickitat County*, 152 Wash. 193; *Minnesota Loan & Investment Co.* v. *Beadle County*, 18 S. D. 431; *Wilson* v. *Salt Lake City County*, 57 Utah, 274; *Red River Land Co.* v. *Harris*, 42 N. D. 76; *Keyes* v. *State*, 121 Me. 306; *Churchman* v. *City of Indianapolis*, 110 Ind. 259; *Gerding* v. *Haskin*, 141 N. Y. 514; *Troy Automobile Exchange* v. *Home Ins. Co.*, 221 N. Y. 58.) The remedy of rescission on the ground of fraud against the county is not available to this plaintiff. (*Guilfoyle* v. *Pierce*, 125 App. Div. 504; 196 N. Y. 499; *Fox* v. *Hirschfeld*, 157 App. Div. 364; *Ettar Realty Co.* v. *Cohen*, 163 App. Div. 409; *Insurance Co.* v. *Park & Pollard Co.*, 190 App. Div. 388; 229 N. Y. 631; *Persky* v. *Bank of America Nat. Assn.*, 261 N. Y. 212.) The unauthorized action of the county in giving " bargain and sale deeds " containing " representations " is not binding upon the county. (*Supervisors of Rensselaer County* v. *Bates*, 17 N. Y. 242; *Donovan* v. *City of New York*, 33 N. Y. 291; *Lyddy* v. *Long Island City*, 104 N. Y. 218; *Village of Fort Edward* v. *Fish*, 156 N. Y. 363; *Freel* v. *Queens County*, 9 App. Div. 186; 154 N. Y. 661; *De Grauw* v. *Supervisors of Queens Co.*, 13 Hun, 381.)

*Clarence J. Shearn* and *Martin Lippman* for respondent. The defendant is foreclosed by the pleadings, concessions and agreed limitation of issues upon the trial from urging that section 132 of the Tax Law is a Statute of Limitations against the action and that plaintiff has not the right to maintain the action. (*Queck-Berner* v.

*Macy*, 240 N. Y. 341; *Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447; *H. K. & S. Bk. Corp.* v. *Cooper*, 114 N. Y. 388; Civ. Prac. Act, § 242; *Richardson* v. *Gregory*, 219 App. Div. 211; *Rodger* v. *Bliss*, 130 Misc. Rep. 168; *Katz* v. *Katz*, 136 Misc. Rep. 377; *Nehasane Park Assn.* v. *Lloyd*, 167 N. Y. 431; *Bommer* v. *American Spiral Hinge Mfg. Co.*, 81 N. Y. 468.) Section 132 of the Tax Law, even if properly before the court, would not bar the enforcement of the rights of plaintiff against the defendant county. (*People ex rel. Hall* v. *Woodruff*, 57 App. Div. 342; *People ex rel. Sudam* v. *Morgan*, 45 App. Div. 19; *Matter of Overmeyer* v. *Hamilton*, 232 App. Div. 781; *Robbins* v. *Abrew*, 275 N. Y. 233.) The plaintiff is entitled to maintain the action. (*Scholfield Gear & Pulley Co.* v. *Scholfield*, 71 Conn. 1; *Crystal Pier Amusement Co.* v. *Cannan*, 25 Pac. Rep. [2d] 839; *Iowa Economic Heater Co.* v. *American Economic Heater Co.*, 32 Fed. Rep. 735; *Henry* v. *Dennis*, 95 Me. 24; *Mason* v. *Harris*, 11 Ch. Div. 97; *Hollwedel Co.* v. *Auerbach & Co.*, 67 Misc. Rep. 148; *International Agricultural Corp.* v. *Carpenter*, 190 App. Div. 359; 232 N. Y. 568; *Dupignac* v. *Bernstrom*, 37 Misc. Rep. 677; *Bommer* v. *American Spiral Hinge Mfg. Co.*, 81 N. Y. 468; *Van Schaick* v. *Third Ave. R. R. Co.*, 38 N. Y. 346; *Morgan* v. *Bon Bon Co.*, 222 N. Y. 22.) The doctrine of *caveat emptor* does not apply. (*Jackson* v. *State*, 210 App. Div. 115; *Mead* v. *Bunn*, 32 N. Y. 275; *Hadcock* v. *Osmer*, 153 N. Y. 604; *Bystrom* v. *Villard*, 175 App. Div. 433; *Acunto* v. *Wiggins*, 234 App. Div. 705; *Kathan* v. *Comstock*, 140 Wis. 427; *Barnes* v. *U. P. Ry. Co.*, 54 Fed. Rep. 87; *Brownell* v. *Town of Greenwich*, 114 N. Y. 518.) The plaintiff showed misrepresentation of material facts, reliance thereon and prompt action upon discovery of the falsity of the representations and was, therefore, entitled to the judgment granted. (*Moore* v. *Mayor*, 73 N. Y. 238; *Lowe* v. *City of New York*, 240 App. Div. 484; *Chapman* v. *County of Douglas*, 107 U. S. 348; *Bloomquist* v. *Farson*, 222 N. Y.

375; *Junius Construction Corp.* v. *Cohen,* 257 N. Y. 393; *Colin* v. *Hamilton Fire Ins. Co.,* 251 N. Y. 312; *Corbitt* v. *Transportation Shares, Inc.,* 256 N. Y. 685; *Bosley* v. *National Machine Co.,* 123 N. Y. 550; *Haebler* v. *Crawford,* 258 N. Y. 130; *Tryon* v. *Lyon,* 133 App. Div. 798; *Pitcher* v. *Sutton,* 238 App. Div. 291; 264 N. Y. 638; *People ex rel. Crane* v. *Ormond,* 178 App. Div. 151; 221 N. Y. 283; *Houghton* v. *Thomas,* 220 App. Div. 415; 248 N. Y. 523.)

FINCH, J.   In addition to the facts heretofore set forth, it appears that the county acquired title to these lots between 1915 and 1922 and did not resell them to the plaintiff until 1926.   Thus, from four to eleven years elapsed between the time that the county purchased these lots at the tax sales and the sale to the plaintiff.   In 1932, plaintiff made a conveyance of part of these properties to Brogreen Corporation.   The latter sought registration under the Torrens Act.   (See Real Property Law, art. 12, Cons. Laws, ch. 50.)   In that proceeding in 1933, the defendant county interposed a verified answer, asserting that the applicant had no title whatsoever in the property for the reason that the statutory notice required by the Tax Law (Cons. Laws, ch. 60) had not been given at the time of the tax sales, and that as a result the tax sales were null and void.   Accordingly the proceedings for registration were dismissed at the request of the county.   Early in 1933 the defendant instituted condemnation proceedings affecting some of these parcels for an extension of the Sunrise highway.   In such proceeding this defendant county contested the right of the plaintiff to an award, contending that the sale at which the county acquired title to this property was defective jurisdictionally, and, therefore, the conveyances to the plaintiff were void.   This plaintiff, having learned in these proceedings of the invalidity of its titles, declined to accept the awards made and elected to rescind the transaction and commenced this action.

At the trial both sides proceeded upon the assumption that no question of fact remained in the case. The specific contentions urged by the county at the trial were two, namely, that while it was conceded that the deeds in 1926 did not convey good title, the defects had been cured in 1932; secondly that if, on the other hand, no title had vested, the action to recover was at law and was barred by the six-year Statute of Limitations. In addition the trial court considered the defense of *caveat emptor*.

The trial court found not only that all the representations made by the county of Suffolk were duly authorized, but that they constituted and were intended by the county of Suffolk to constitute a substantial inducement to the purchaser acting for and on behalf of the plaintiff to accept the conveyances and pay over to the defendant county of Suffolk the total consideration of upwards of $76,000; that the representations so relied upon were so substantial and fundamental as, if false, to defeat the object of the parties and destroy the essential objects of the conveyances. Judgment was entered for plaintiff. Upon appeal to the Appellate Division, defendant urged (1) that the action was barred by the five-year Statute of Limitations contained in the Tax Law (§ 132); (2) that the plaintiff was not the immediate purchaser from defendant and hence could not maintain an action for rescission, and (3) that the principle of *caveat emptor* applied. The judgment of the Trial Term was affirmed unanimously.

The recitals in the deeds, that the notices of such tax sales had been published at least once in each week for six weeks immediately preceding such tax sales were recitals of fact. (*Eaglesfield* v. *Marquis of Londonderry*, 4 Ch. Div. 693; *Burns* v. *Lane*, 138 Mass. 350.)

The claim is raised now that the representations incorporated in the deeds were not authorized by the resolution of the Board of Supervisors which authorized the sale and, therefore, were not binding upon the

county and that the county may keep the money and repudiate the representations. While this claim might have been urged under the general denial in the answer it was not raised or mentioned at the trial nor in the motion to dismiss. Hence this issue would not seem available upon appeal. Are we able to say that if plaintiff had not been disarmed and lulled into inaction by the abandonment of this issue at the trial, this record might not have contained some further evidence bearing upon the authority of the County Treasurer to execute the deed in exactly the form in which it was executed? If the form of deed as in the case at bar had been used for a long period of time, the resolution as passed by the Board might be construed as granting the authority assumed by the County Treasurer. We cannot say that other authority might not also have been shown. It is to be noted that nothing in the resolution precluded the County Treasurer from making the representations which he made. The resolution authorized him to negotiate a sale in his discretion, the representations were germane to the transaction, and nothing in the resolution prohibited him from representing how the lands were acquired. Ordinarily the difference between a quitclaim deed and a full covenant warranty deed is the omission of the usual covenants, but it does not follow that a statement as to how the lands were acquired should also be omitted. In fact the authority of the County Treasurer, by the terms of the resolution, was limited to a sale of lands acquired at a tax sale, and in order to be within the authority conferred, the deed should show upon its face that the lands were acquired at a tax sale. In fact some charters require such recital in similar deeds. (See *Coffin* v. *City of Brooklyn*, 116 N. Y. 159.)

Assuming, however, that the defense is here on the merits, it is undisputed that a municipality cannot be made liable for breach of contract, or services rendered, or sales price, or even for use and occupation of property

acquired, when an official of the municipality has exceeded his power or authority. (*Village of Fort Edward* v. *Fish*, 156 N. Y. 363; *Donovan* v. *Mayor*, 33 N. Y. 291; *Supervisors of Rensselaer County* v. *Bates*, 17 N. Y. 242.)

But this principle has no application to an action brought in equity for rescission, to recover moneys acquired through misrepresentation or fraud. Although the misrepresentations in the deeds were innocently made, plaintiff may bring an action in equity for rescission and recover. (*Town of Lyons* v. *Chamberlain*, 89 N. Y. 578; 1 Bigelow on The Law of Fraud, § 8.) Since in the case at bar the object sought is money still in the hands of the municipality, it does not detract from the application of the principle that the rule does not apply if the parties cannot be restored to their original positions. (*Lyddy* v. *Long Island City*, 104 N. Y. 218.)

It is argued, however, that this rule has no application in the case at bar for the reason that the plaintiff had no right to rely upon an unauthorized act of a public official, since the authority of the County Treasurer was a matter of record and plaintiff is conclusively presumed to have known the extent of this authority. While this may preclude an action for deceit, it does not bar rescission. (American Law Institute, Restatement of the Law of Agency, § 258, comment c; § 259; Restatement of the Law of Restitution, § 62, comment b.) A governmental body cannot repudiate the act of the official and retain the money received as a result of the act. Although, as noted, no one may acquire property from a county through an unauthorized act of its officials, yet here the shoe is on the other foot, and the county is seeking to retain moneys acquired through misrepresentations. A municipality, no more than an individual, may not enrich itself through misrepresentations, authorized or unauthorized. (*Bloomquist* v. *Farson*, 222 N. Y. 375; *Smith* v. *Countryman*, 30 N. Y. 655; *Vail* v. *Reynolds*, 118 N. Y. 297. Cf. American Law Institute, Restatement of the Law of Restitution,

§ 62, comment b.)  If this were not so, what limit would exist to the means through which a municipality might acquire money.

Nor does the rule of *caveat emptor* apply.  The county had the option to sell this property by bargain and sale deed, with the mere recital that it was acquired at a tax sale and without other representation.  In such case, the doctrine of *caveat emptor* would apply.  The defendant, however, through its officer, chose to obtain such advantages as it could by selling this property through additional representations which turned out to be false.  In such case the doctrine of *caveat emptor* obviously would not apply.  The case of *Traktman* v. *City of New York* (241 N. Y. 221), relied upon by the defendant, involved merely the running of a statute of limitations.  In *Coffin* v. *City of Brooklyn* (116 N. Y. 159) the recitals in the deed were different than in the case at bar, and plaintiff proved only a mistake of law and not one of fact.

It is further urged that by reason of lapse of time the plaintiff has now obtained a valid title although it did not possess good title in 1926.  It was entitled, however, to the valid title in 1926.  The sale was one transaction, not two separate transactions.  It was one transaction in which there were misrepresentations made and money paid in the belief that these representations were true.  If· plaintiff were seeking damages for breach of warranty or specific performance, he could not succeed.  Plaintiff is not concerned alone with the giving of the deed, but with the giving of the deed induced by the representations as a result of which plaintiff made the purchase.

The defendant continues to urge that  section 132  of the Tax Law, containing a five-year statute of limitations, precludes recovery.  It is sufficient to say that a statute of limitations, to be availed of, must be pleaded.  Such pleading was lacking in the case at bar.  Moreover, this statute does not apply to the present action.  This section

regulates tax sales by the county, whereas other sections of the Tax Law relate to sales by the county of land which it has previously acquired at tax sales. (Tax Law, §§ 123, 151.)

It is likewise urged that plaintiff, not being the original grantee, may not bring this action in rescission. At the trial plaintiff sought to show that the present plaintiff was the real party in interest from the beginning, but was precluded from showing this fact because of the insistence of the trial judge that defendant raised no issue in this regard, and counsel for the defendant acquiesced in this statement and ruling. Under such circumstances defendant is now precluded from urging this issue in this court.

It follows that the judgment appealed from should be affirmed, with costs.

HUBBS, J. (dissenting). The appellant county of Suffolk bid in the land here in question at tax sales. Thereafter, it received deeds of the property so bid in executed by the County Treasurer. The respondent acquired record title to the land in question through deeds from the county. The deeds from the county were quitclaim deeds executed by the County Treasurer, which contained a statement that the premises "were duly sold * * * after due notice in accordance with law."

Thereafter, the respondent ascertained that notices of the tax sales at which the county became the purchaser were not published according to law. The title of the county, because of the failure to publish the notices of sale in accordance with the terms of the statute, section 151 of the Tax Law, was defective. (*Bamonte* v. *Ocean Beach-Fire Island Co.*, 248 N. Y. 642.)

Thereupon the respondent brought this action against the county to recover the amount paid to it for such land, with interest. Thus far it has been successful. The county resisted payment upon various grounds but

the principal question here involved is whether the county was bound by the statement contained in the deeds. The county having received deeds of the land in question which it bid in at tax sales was empowered to dispose of it "upon such terms as shall be determined by a majority of the board of supervisors." (Tax Law, § 154.)

The Board of Supervisors passed a resolution in the following words:

"*Resolved*, that in cases where tax deeds have been given and are held by the County of Suffolk, the County Treasurer be and he hereby is empowered and directed, in his discretion, to *release and quitclaim* to any applicant any lot, piece, or parcel of land or property which has heretofore or may hereafter be conveyed by any county treasurer to the county of Suffolk because of any sale for taxes, upon payment," etc.

That is the resolution introduced in evidence by respondent and relied on by it as authority for the County Treasurer to execute the deeds delivered to respondent. That resolution only authorized the giving of a " release and quitclaim." It did not authorize the County Treasurer to incorporate in the deeds a warranty or representation. The alleged representation incorporated in the deeds executed by the County Treasurer in the name of the county relied upon by respondent was not authorized by the resolution and is not binding upon the county. The resolution constituted the only authority to bind the county. Any one accepting a deed from the county executed by the County Treasurer was chargeable with knowledge of the terms and limitations of the resolution and the nature and extent of the officer's authority. (44 Corpus Juris, p. 87, § 2167; *Freel* v. *County of Queens,* 9 App. Div. 186, 189; modfd., 154 N. Y. 661.)

We are obliged, therefore, to treat the deeds under which the respondent claims as ordinary quitclaim deeds which conveyed only such title as the grantor had. From

such deeds there arises no implication that the preliminary proceedings leading to the tax sales had been properly complied with. The acceptance of such deeds could not by any possibility give rise to a cause of action for rescission, at least in the absence of active positive fraud and there is no claim here of such fraud.

The County Treasurer was in no sense a general agent of the county with power to bind it by representations. The respondent and its agent when accepting the deeds in question must be presumed to have known the limitations on the authority of the County Treasurer; must have known that his authority was derived from the Board of Supervisors and should have ascertained the extent of such authority.

One entering into a contract with a municipality through an official thereof " is bound to take notice of limitations on its power to contract and also of the power of the particular officer or agency to make the contract." (3 McQuillin on The Law of Municipal Corporations, § 1268.)

If they exceed their power and authority, the municipality is not liable. (Id. vol. 2, § 519; 2 Dillon on The Law of Municipal Corporations [5th ed.], § 777; *Freel* v. *County of Queens, supra.*)

A reading of the resolution would have disclosed that the County Treasurer was not authorized to make representations in the deeds which would bind the county. The statement contained in the deeds being unauthorized, the county was not bound by it. (*Freel* v. *County of Queens, supra; Supervisors of Rensselaer County* v. *Bates,* 17 N. Y. 242.)

We believe that the general principles stated above are beyond question. It is urged, however, that those principles only apply in an action against a county to enforce a contract but have no application in an action against a county not to enforce a contract but to recover money paid in reliance upon statements alleged to constitute representations. Such is the case where a county

has obtained property upon the supposition that it had the power to contract, when in fact it did not have such authority, and the contract could not be enforced because of lack of power on the part of the county to make it. In such a case it has been decided that one who has transferred possession of property to a county and cannot recover the agreed purchase price, may recover the property unjustly held by the county. (*Chapman* v. *County of Douglas*, 107 U. S. 348.)

That principle has no application in the case at bar, because the respondent as a matter of law had no right to rely upon the unauthorized statement of the County Treasurer. His authority was a matter of record and plaintiff is conclusively presumed to have known the extent of his authority. Any declaration of his as to the extent of his authority is not binding on the county in an action on the contract.

" The county treasurer, in making the sale of the certificate issued to the county, is not authorized to make any representations or guarantees in connection with such sale." (*Minnesota Loan & Investment Co.* v. *Beadle County*, 18 S. D. 431, 435.)

The rule of *caveat emptor* applies at common law to purchasers of tax titles. A purchaser of a worthless title cannot recover from a county the amount paid. He purchases at his peril. That is true even if statements are made in the instrument of conveyance as in this case. (*Coffin* v. *City of Brooklyn*, 116 N. Y. 159, 166; *Traktman* v. *City of New York*, 241 N. Y. 221, 229.)

Various reasons have been given by the court for the rule. Those reasons have been collated in a note in 77 A. L. R. at page 824. The same reasons apply to a purchaser from a county which has bid in property at a tax sale, has taken a deed, and as a part of the proceeding for the collection of the tax, conveys the property by quitclaim deed to another. The court has so decided, as we believe correctly, in each case, brought to our attention, in which the question has been passed upon. (*Shelton*

v. *Klickitat County*, 152 Wash. 193; *Minnesota Loan & Investment Co.* v. *Beadle County, supra; Parrott* v. *Abernathy*, 58 S. D. 603; 77 A. L. R. 818; *Wilson* v. *Salt Lake County Corp.*, 57 Utah, 274; *Red River Valley Land Co.* v. *Harris*, 42 N. D. 76. Cf. *Keyes* v. *State*, 121 Me. 306.)

No contrary conclusion was reached in *Robbins* v. *Abrew* (275 N. Y. 233). The question here presented was not considered in that case. The question there involved was which of two parties, holding deeds of the same land executed by the County Treasurer, had the prior right.

The judgment should be reversed and complaint dismissed, with costs.

CRANE, Ch. J., O'BRIEN, LOUGHRAN and RIPPEY, JJ., concur with FINCH, J.; HUBBS, J., dissents in opinion in which LEHMAN, J., concurs.

Judgment affirmed.