JUSTICE TRIEWEILER,
concurring in part and dissenting in part:
I concur in Parts I and III of the majority opinion, and I concur that the State of Montana was entitled to summary judgment. However, I would not grant summary judgment to the State of Montana for the same reason that it was affirmed by the majority. I would affirm the granting of summary judgment to the State because the State’s pre-tax sale representations were not the cause of plaintiffs’damages.
Subsequent to the tax sale, plaintiffs learned that the Quirin house was not actually on the Quirin property. At that point, they had a right to rescind the purchase that they made at the tax sale. The fact that they went ahead and incurred expense to make improvements to the Quirin house was not because of representations made by the *395 State prior to the sale, it was because of representations made by Delbert Walter and officials in the County Clerk and Recorder’s office that the problem would be cleared up and Weinbergs could make the improvements they felt necessary before occupying the house.
I dissent from that portion of Part II of the majority opinion which affirms summary judgment for Yellowstone County. I agree that the rule of caveat emptor normally applies to the purchase of property at a sale for delinquent taxes. I also agree that the County had no duty to correct the erroneous property description prior to the sale, and no duty to clear up the problem after the sale. However, in this case, unlike the usual situation, the County assumed that duty when it made affirmative representations to the Weinbergs that it was their property in spite of the property line discrepancy; the County would take care of the problem; and the Weinbergs could proceed to make the improvements they felt were necessary to occupy the house.
The Restatement (Second) of Torts § 552, provides:
One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by the justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
A claim for negligent misrepresentation is established when a plaintiff can show:
(1) that the defendant supplied false information for the guidance of plaintiff in his business transaction;
(2) that the plaintiff justifiably relied upon such information; and
(3) that the defendant failed to exercise reasonable care or competence in obtaining or communicating such information.”
See Bottrell v American Bank (1989), 237 Mont. 1, 19, 773 P.2d 694; Brown v. Merrill Lynch, Pierce, Fenner, & Smith, Inc. (1982), 197 Mont. 1, 12, 640 P.2d 453, 458.
When the employees of the Yellowstone County Clerk and Recorder’s office made these affirmative representations, they assumed a duty to act reasonably. Whether or not their representations were reasonable, and whether or not the other necessary elements of negligent misrepresentation were present, were issues of fact for a jury, or the district court in the event that a jury had been waived. I *396 agree with the New York Court of Appeals when, in Lindlots Realty Corporation v. Suffolk County (1938), 15 N.E.2d 393, it distinguished the duty normally owed by a county at a tax sale from the duty owed when affirmative representations are made. In that case, the court stated:
Nor does the rule of caveat emptor apply. The county had the option to sell this property by bargain and sale deed, with the mere recital that it was acquired at a tax sale and without other representation. In such case, the doctrine of caveat emptor would apply. The defendant, however, through its officer, chose to obtain such advantages as it could by selling this property through additional representations which turned out to be false. In such case the doctrine of caveat emptor obviously would not apply.
Lindlots Realty, 15 N.E.2d at 396.
I would reverse the District Court’s order granting summary judgment to Yellowstone County and remand this case to the District Court for a factual determination of whether the County’s representations to the Weinbergs were negligent; whether they were false; whether the Weinbergs reasonably relied on those representations; and whether the Weinbergs suffered damages as a result of those representations.
JUSTICE HUNT concurs in the foregoing concurrence and dissent of JUSTICE TRIEWEILER.